E-FILED
Wednesday, 20 December, 2006  01:34:32 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

```
ROBERT A. ESPINOZA,              )
                                 )
        Petitioner,              )
                                 )
    v.                           )    No. 04-4023
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )
```

## O R D E R

On September 10, 2004, Petitioner filed a Motion for Leave to File a self contained Amended § 2255 Motion. [Doc. 20.] This Court Granted Petitioner's Motion for Leave to File. However, Petitioner never followed up by filing an Amended 2255 Motion. Nevertheless, Respondent assumed that Petitioner's self contained Motion for Leave to File constituted the actual amended complaint and accordingly filed a Response. [Doc. 28] Petitioner never filed a reply to the response or an amended motion. As a result, with no actual amended motion filed, this case has sat on this Court's docket for over a year. Accordingly, on December 5, 2006, rather than dismiss this case for want of prosecution, out of an abundance of caution, this Court ordered that Petitioner's earlier self contained motion of September 10, 2004, be filed nunc pro tunc as his amended motion for section 2255 relief. [Doc. 30.] This Court will now

address the merits of the section 2255 motion.  For the reasons that follow, Petitioner's Motion is DENIED.

## I.
## BACKGROUND

On May 18, 2000, Espinoza was indicted in the Central District of Illinois.  Espinoza was charged with the following crimes: Count 1, racketeering, in violation of 18 U.S.C. § 1962(c); Count 2, conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d); Count 5, conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count 6, unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and Count 7, using and carrying a firearm or dangerous device, during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii) and (2).  Espinoza was found guilty by a jury on all these counts on November 6, 2001.

On March 1, 2002, Espinoza was sentenced to 240 months of imprisonment on each of Counts 1 and 2 to run concurrently with each other; 60 months on Count 5 to run concurrently with sentences imposed on Counts 1 and 2, 120 months on Count 6 to run concurrently with the sentences imposed on Counts 1, 2 and 5; and 360 months on Count 7 to run consecutively to the sentences imposed on all previous counts.  Espinoza was further

sentenced to 3 years of supervised release on each of Counts 1-7 to run concurrently with each other.

Espinoza appealed his sentence which was affirmed on appeal to the Seventh Circuit Court of Appeals on January 27, 2003. A Petition for Writ of Certiorari was denied by the United States Supreme Court on May 30, 2003.

Espinoza now seeks relief under 28 U.S.C. § 2255. Espinoza claims he was denied effective assistance of Counsel during his pre-trial, trial and appellate litigation. Specifically, Espinoza claims: (1) Counsel failed to object to sentencing enhancements based on facts not determined by a jury, (2) Counsel failed to suppress the playing of recordings that were illegally obtained, (3) Counsel failed to seek scientific evidence to show that the voice on the aforementioned tapes was not that of Espinoza, (4) The playing of the tape violated Espinoza's Sixth Amendment right to confrontation, (5) Counsel failed to obtain appropriate jury instructions, (6) Counsel improperly conceded facts critical to the defense during argument to the jury, (7) Counsel failed to seek relevant portions of the transcript for purposes of appeal and Counsel therefore failed to submit judicious arguments on appeal as a result.

## II.
## LEGAL STANDARD

Claims of ineffective assistance of counsel are governed by the 2-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on his ineffective assistance of counsel claims, Espinoza must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. In doing so, Espenoza has a heavy burden to overcome because courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 690.

Furthermore, it is insufficient to simply prove that counsel's representation was constitutionally deficient; Espinoza must also prove that he suffered prejudice as a result thereof. Id. at 694. In other words, Espinoza must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

## III.
## ANALYSIS

**1. Counsel was not ineffective for a failure to object to sentence enhancements not submitted to a jury.**

Espinoza claims that the Court improperly used facts not submitted to a jury or admitted by defendant under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Counsel was ineffective for failing to object.  First and foremost it should be noted that Espinoza fails to submit what facts were used to enhance his sentence that were not submitted to a jury (or alternatively admitted to by Espinoza) and fails to show how he was prejudiced by the improper consideration of the facts in his sentencing.  Given this, Espinoza's first claim fails both prongs of the Strickland test on this alone.  Beyond that, the holding of Apprendi as extended to the Sentencing Guidelines by Blakely v. Washington, 542 U.S. 296 (2004) was effectively overruled by United States v. Booker, 543 U.S. 220 (2005).  Booker changed the Sentencing Guidelines from mandatory to advisory and in so doing avoids the Sixth Amendment problem.  Since the guidelines are not mandatory, they do not have the force of law and therefore facts need not be proved to a jury.  The Court in Booker recognizes the, "authority of a judge to exercise broad discretion in imposing a sentence," and that the Guidelines, "as merely advisory provisions … would not implicate the Sixth Amendment."  Id at 233.  Therefore, the consideration of the additional factor in sentencing would be within the Court's discretion and would not violate the Sixth Amendment.

Furthermore, Respondent contemplates in their Response that Espinoza's objection could be to the Court's consideration of Espinoza's status as a leader of the underlying criminal activity. (Doc 28 at 10.) Assuming that this is the fact Espinoza objects to, his claim still fails on numerous grounds. First, there is evidence that Espinoza admitted his leadership position. (Tr at 105.) Second, Counsel did object to the leadership enhancement. It is obvious that Counsel cannot be ineffective for failing to object when in fact Counsel did object. Finally, the Court previously found at the sentencing that even if the objection were sustained that the sentence would not have differed, therefore Espinoza cannot show that he was prejudiced even if this Court were to find that Counsel was ineffective. (Counsel's Affidavit at 3)

**2.   Counsel was not ineffective for failing to suppress illegally obtained recordings played as evidence.**

Espinoza argues that his Counsel failed to suppress illegally obtained recordings played as evidence. Espinoza offers no basis for this Court to conclude that the recordings were obtained in an illegal manner. Further, Espinoza fails to claim, let alone show, the prejudicial effect that these recordings had on the proceedings. Espinoza offers no basis

6

upon which a consideration under Strickland could even be contemplated with this claim.

**3.    Counsel was not ineffective for failing to seek scientific evidence to show that the voice on the aforementioned tapes was not that of Espinoza.**

Espinoza argues that his Counsel was ineffective for failing to obtain scientific evidence that would show that it was not Espinoza's voice on the recordings. However, Espinoza does not allege that it was not his voice in the recording nor does he claim that any scientific inquiry would have shown that the voice was not his. In his affidavit Espinoza's Counsel states that there was no basis for further inquiry as Espinoza never indicated that it was not his voice on the recording. (Counsel's Affidavit at 4.) Counsel cannot be ineffective for failing to take actions that he had no basis to pursue. Additionally, Espinoza again fails to show how this evidence prejudiced him.

**4.    Espinoza's Sixth Amendment right to confrontation was not violated by the playing of the recording.**

Espinoza claims that to the extent that there was another voice on the recording that his Sixth Amendment right to confrontation was violated according to Crawford v. Washington, 541 U.S. 36 (2004). First, failure to make arguments based upon

Crawford cannot be the basis for an ineffective Counsel claim as Crawford had not been decided before either Espinoza's trial or appeal. Furthermore, Espinoza's Sixth Amendment right was not violated in this case even under the standard in Crawford. Crawford held that out-of-court testimonial statements are barred by the confrontation clause of the Constitution. The statements in the recording played at Espinoza's trial were not testimonial. Testimonial statements can include previously sworn statements or solemn declarations or affirmations made for purposes of establishing or proving some fact (such as affidavits or depositions). The recording in this case was of a telephone conversation between Espinoza and a consenting party. The consenting party's statements likely establish the foundation for Espinoza's statements and do not fall within the definitions of testimonial statements. See Crawford 541 U.S. at 52.

**5.   Counsel was not ineffective for failing to obtain appropriate jury instructions.**

Espinoza argues that his Counsel was ineffective for failing to obtain appropriate jury instruction regarding the evidence which was admitted. First, Espinoza fails to state which instructions were defective or to offer any instructions that should have been given. Espinoza also fails to show how

any such defect or omission prejudiced him. Secondly, the Court commended Counsel at that time for his work on the jury instructions so it is clear that Petitioner's Counsel had fulfilled his obligations to create appropriate jury instructions. (Tr. VI at 1239.) Espinoza's claim as to jury instructions therefore fails both prongs of the Strickland test.

**6. Counsel was not ineffective for improperly conceding facts during argument to the jury.**

Espinoza argues that his Counsel improperly conceded facts critical to the defense during closing arguments without discussing such facts with Espinoza. Again, Espinoza offers only a conclusory statement. Espinoza offers no information as to what facts were conceded or any evidence as to whether or not the facts were actually contested. As Counsel is given wide latitude under Strickland, Espinoza has a steep hill to climb in alleging that Counsel's strategy in remarks to the jury was improper. Strickland, 466 U.S. at 690. As a result, Espinoza offers nothing to even begin that journey, let alone crest the hill. Additionally, Espinoza offers no inclination as to how he was prejudiced by these unknown facts being conceded. Strickland requires that the outcome would likely have been different except for the error. Espinoza does not even claim that the outcome would have been different, let alone provide

argument and facts to persuade this Court that in fact the outcome would have been different.

**7.  Counsel was not ineffective for failing to seek transcripts of the closing argument and subsequently failing to make judicious arguments on appeal.**

Espinoza argues that, as Appellate Counsel, Counsel failed to properly submit judicious arguments, in part due to the failure to obtain portions of the transcript.  Specifically, Espinoza argues that his Counsel failed to request a transcript of the closing statements.  However, at no time before this motion did Espinoza indicate that there were any issues in the closing argument relevant to the appeal so there was no reason for appellate Counsel to order a transcript of that portion of the trial.  Espinoza did not contend during the appeals process that Counsel's strategy in the closing arguments was improper nor that any such issue should have been raised on appeal. (Counsel's Affidavit at 6.)  Espinoza was given an opportunity to review the issues that his Counsel believed relevant on appeal and did not object at that time.  (Id.)  Most importantly, even if the previous statements were not true, Espinoza fails to claim what arguments were not made that should have been and what, if any, impact they would have had on his appeal.

10

**IV.**
**CONCLUSION**

Petitioner's claims offer no basis upon which this Court could find that his Counsel was ineffective. Petitioner offers nothing more than naked allegations and conclusory statements. Further, even if Petitioner had offered substantiated allegations, he has failed to show under any of his claims how he was prejudiced.

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 30] is DENIED.

CASE TERMINATED.

Entered this  19th  day of December, 2006.

                                              s/ Joe Billy McDade
                                                JOE BILLY McDADE
                                      United States District Judge